UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Criminal Case No. |
| | ) | 5:06-cr-197-JMH-2 |
| v. | ) | |
| | ) | |
| MARIANO PINEDA-CABELLERO, | ) | **MEMORANDUM** |
| | ) | **OPINION AND ORDER** |
| Defendant-Petitioner. | ) | |

\*\*\*

This matter is before the Court on Defendant Mariano Pineda-Cabellero's motion requesting the Court order his early release from prison. [DE 158]. Specifically, Defendant requests compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons stated below, Defendant's motion will be **denied.**

### I. BACKGROUND

On December 6, 2017, the Court sentenced Defendant to total of sixty (60) months imprisonment for violating the conditions of his supervised release. [DE 154]. The sixty (60) month sentence in the instant case runs consecutive to the one hundred twenty (120) month sentence he received in Criminal Case No. 5:17-cr-46-DCR-1 for unlawful reentry in violation of 8 U.S.C. § 1326(a) & (b)(2) and distribution of cocaine in violation of 21 U.S.C. § 841. Notably, Defendant was initially sentenced to a total of eighty-four (84) months imprisonment, followed by five years of supervised release in the instant case for conspiracy to distribute cocaine

in violation of 21 U.S.C. § 846 and unlawful reentry in violation of 8 U.S.C. § 1326(a) & (b)(2). [DE 105].

Defendant filed the present motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) on the grounds that his medical conditions place him at a heightened risk of complications from COVID-19. [DE 158 at 3-4]. The United States has responded, arguing that Defendant failed to exhaust the administrative remedies required to file a proper compassionate release motion under 18 U.S.C. § 3582. [DE 162 at 2-3]. The government further contends that even so, Defendant not only fails to establish extraordinary and compelling reasons to warrant early release, but that the factors weigh heavily against him due to the nature of his crimes and repeated offenses. [*Id.* at 4-11].

## II. DISCUSSION

Prior to 2018, only the Bureau of Prisons ("BOP") could move a district court for the compassionate release of a federal prisoner under § 3582(c)(1)(A). But on December 21, 2018, the First Step Act amended § 3582(c)(1)(A) to allow district courts to grant a motion for compassionate release filed by the defendant himself, provided that the defendant has first "fully exhausted all administrative rights to appeal a failure of Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

2

Although not a jurisdictional question, the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting relief. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). As such, if the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834.

Here, the United States has raised the exhaustion issue. [DE 162 at 2-3]. In his motion, Defendant states that he submitted a written request for compassionate release to the warden at FMC Lexington on August 31, 2020. [DE 158 at 1]. He then explains that by November 12, 2020, he had received no response to his request. [*Id.* at 2]. As the government correctly points out, however, Defendant has offered no documentary evidence to demonstrate that he has fulfilled 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement. Mere assertions of exhaustion are insufficient, as defendants have the burden of demonstrating that they have exhausted all administrative remedies. *See, e.g., United States v. Howard*, No. 3:17-cr-163, 2021 WL 2952781 (S.D. Ohio July 14, 2021); *United States v. Pack*, No. 17-CR-20002-10, 2020 WL 5648581, at *2 (W.D. Tenn. Sept. 22, 2020). Further, Court have previously denied motions for compassionate release where no documentation of exhaustion was provided, and the Government timely objected. *Id.*; *see also United States v. Wallace*, No. 2:18-CR-102, 2021 WL 99344 (S.D. Ohio Jan. 12, 2021).

Notwithstanding, Defendant also argues that the exhaustion requirements should be waived, in light of the COVID-19 pandemic. [DE 158 at 2-3]. The Court disagrees.

The Sixth Circuit has held that prisoners must follow the procedural requirements before submitting a motion to a federal Court. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) ("Even though this exhaustion requirement does not implicate out subject-matter jurisdiction, it remains a mandatory condition"). The exhaustion requirements exist to give the BOP an opportunity to conduct this kind of intensive analysis. The Court is not as well positioned to consider the inmate's medical history, his or her conduct while incarcerated, the inmate's re-entry plan, the inmate's vulnerability, his or her potential danger to the community, or the unique problems related to COVID-19 at the particular facility. The BOP is best positioned to do so. *See, e.g., United States v. Hopkins*, No. 5:13-123-KKC, 2020 WL 2838543 at *2 (E.D. Ky. June 1, 2020); *United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance" amid the risks posed by COVID-19). Thus, given the government's timely objection and lack of documentary evidence, the Court must enforce 18 U.S.C. § 3582's mandatory exhaustion condition. *Alam,* 960 F.3d at 834.

4

## III. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant Mariano Pineda-Cabellero's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [DE 158] is **DENIED WITHOUT PREJUDICE** for failure to exhaust.

This the 15th day of July, 2021.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

5